UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTONIO DAVIS,

        Petitioner,

v.                                          CASE NO. 08-10050
                                            HONORABLE STEPHEN J. MURPHY, III
MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS, DISMISSING THE HABEAS CORPUS
PETITION WITH PREJUDICE, AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY OR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner Antonio Davis has filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Millicent Warren has moved to dismiss the habeas petition on the ground that Petitioner did not comply with the one-year statute of limitations. The Court agrees with Respondent that Petitioner's claims are time-barred. Therefore, Respondent's motion will be granted, and the habeas petition will be dismissed with prejudice.

**I. Background**

      Petitioner alleges that, on January 29, 1999, a Wayne County Circuit Court jury found him guilty of premeditated murder, felony murder, arson of a building, discharging a firearm at a dwelling, and possession of a firearm during the commission of a felony (felony firearm). The trial court vacated the premeditated murder conviction and sentenced Petitioner to two years in prison for the felony firearm conviction. That

sentence was expected to be followed by concurrent terms of life imprisonment for the felony murder, five to ten years for the arson, and two to four years for discharging a firearm.

In an appeal of right, Petitioner raised a sufficiency-of-the-evidence claim, a double-jeopardy claim, four claims about the jury instructions, and a claim that defense counsel was ineffective for failing to preserve Petitioner's other claims for appellate review. The Michigan Court of Appeals vacated Petitioner's arson conviction on double jeopardy grounds, but affirmed his other convictions. *See People v. Davis*, No. 218206 (Mich. Ct. App. Nov. 16, 2001). The Michigan Supreme Court denied leave to appeal on May 29, 2002, because it was not persuaded to review the issues. *See People v. Davis*, 466 Mich. 870; 645 N.W.2d 660 (2002) (table). Petitioner's convictions became final ninety days later (August 27, 2002), when the deadline expired for filing a petition for writ of certiorari in the United States Supreme Court. Sup. Ct. R. 13.1.

Petitioner alleges that he filed a motion for relief from judgment almost a year later on August 7, 2003.[1] He raised seven claims, which challenged the admission of his statement to the police, the sufficiency of the evidence supporting his arson and murder convictions, an amendment to the criminal information, and his attorneys' representation of him. The trial court denied his motion on April 25, 2006, after concluding that: (1) Petitioner was precluded from contesting the admission of his statement to the police; (2) his claim about the premeditated murder conviction lacked

---

[1] Respondent claims that the motion was not properly filed until August 9, 2005. The Court has accepted August 7, 2003, as the filing date, because even under this lenient view of the facts, Petitioner has failed to comply with the one-year limitations period.

2

merit because the court set aside that conviction at sentencing; (3) there was no error in allowing the information to be amended because the amendment did not add a new count; (4) there was sufficient evidence that Petitioner aided and abetted the arson and murder; and (5) he failed to establish ineffective assistance of trial and appellate counsel. The Michigan Court of Appeals denied leave to appeal the trial court's decision on the ground that Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Davis*, No. 272270 (Mich. Ct. App. Mar. 30, 2007). On September 10, 2007, the Michigan Supreme Court denied leave to appeal for the same reason. *People v. Davis*, 480 Mich. 857; 737 N.W.2d 716 (2007).

Petitioner signed and dated his habeas corpus petition two and a half months later on December 1, 2007. His grounds for relief include the seven claims that he presented to the state courts on direct review and the seven claims that he presented in his motion for relief from judgment and subsequent appeals.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner is not asserting a new constitutional right. (28 U.S.C. § 2244(d)(1)(C)). Nor is he relying on newly discovered facts. (28 U.S.C. § 2244(d)(1)(D)). Although he implies that state officials created an impediment to filing his motion for relief from judgment, the Court has given him the benefit of the doubt and deemed his motion filed on the date that he allegedly first submitted the motion. Consequently, 28 U.S.C. § 2244(d)(1)(B) does not apply. Subsection 2244(d)(1)(A) is the only relevant subsection.

Petitioner's conviction became final under subsection 2244(d)(1)(A) on August 27, 2002, when the 90-day deadline expired for seeking review in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The statute of limitations began to run on the following day and continued to run for 344 days. It stopped running on August 7, 2003, the date that Petitioner supposedly filed his motion for relief from judgment in the trial court. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

The limitations period was tolled for the entire time that Petitioner's post-

4

conviction motion was under review in state court. *Carey v. Saffold*, 536 U.S. 214, 220 (2002). The Michigan Supreme Court concluded its review of Petitioner's motion on September 10, 2007. The limitations period then resumed running,[2] and it stopped running on December 1, 2007, the day on which Petitioner signed his habeas corpus petition.

To summarize, the limitations period ran 344 days before Petitioner filed his motion for relief from judgment. The limitations period also ran 81 days after the state courts concluded their review of his motion, but before Petitioner filed his habeas petition. The limitations period ran for a total of 425 days, or more than a year. Therefore, the habeas petition is untimely.

**B. Equitable Tolling**

In appropriate circumstances, equitable tolling applies to the one-year limitations period for habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). However, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)).

When deciding whether equitable tolling is appropriate, courts in this Circuit also consider and balance the factors set out in *Andrew v. Orr*, 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009.

---

[2] Section 2244(d)(2) of Title 28, United States Code, does not toll the one-year limitations period during the pendency of a petition for certiorari that follows state collateral proceedings. *Lawrence v. Florida*, 549 U.S. 327 (2007).

The Andrews factors are: "(1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of [the] filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Andrews*, 851 F.2d at 151. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).

Petitioner has not alleged that he lacked notice or knowledge of the filing requirement, and prejudice to the respondent may be considered only if the other factors of the test are met. *Dunlap*, 250 F.3d at 1009 (citing *Andrews,* 851 F.2d at 151). Even if the Court were to assume that Petitioner was diligent in pursuing his claims, he has not shown that some extraordinary circumstance stood in the way of filing a timely habeas petition. Therefore, this is not one of the extraordinarily rare cases where equitable tolling is appropriate.

### III. Conclusion

Petitioner's claims are barred from substantive review by the one-year statute of limitations. Accordingly, Respondent's motion to dismiss is **GRANTED**, and Petitioner's habeas corpus petition is **DISMISSED** with prejudice.

The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the Court's procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529

U.S. 473, 484 (2000). Petitioner may not appeal this decision *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

                    <u>s/Stephen J. Murphy, III</u>
                    Stephen J. Murphy, III
                    United States District Judge

Dated: October 30, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 30, 2008, by electronic and/or ordinary mail.

                    <u>s/Alissa Greer</u>
                    Case Manager