UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO DAVIS,

        Petitioner,

v.                                            CASE NO. 08-10050

                                                  HONORABLE STEPHEN J. MURPHY, III

MILLICENT WARREN,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S
<u>MOTION FOR RECONSIDERATION</u> (document no. 13)**

Petitioner Antonio Davis has moved for reconsideration of the Court's Opinion and Order and Judgment dismissing his habeas corpus petition as time-barred. In the alternative, Petitioner seeks an extension of time to file an appeal.

EQUITABLE TOLLING

Petitioner alleges that he lacks a high school diploma and that he had to rely on the assistance of fellow prisoners to prepare his habeas petition. Petitioner claims that prisoners receive legal training through a state-sponsored Legal Writer Program and that systemic delays and inefficiencies in the program deprived him of his right of access to the courts and resulted in the tardy filing of his habeas petition.

Although in appropriate circumstances, equitable tolling applies to the one-year limitation period in habeas cases, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), Petitioner's ignorance of the law and lack of education are not grounds for equitable

tolling, *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002), and "states are not required to hire paralegals to assist prisoners," *Sutton v. Stewart*, 51 Fed. Appx. 752, 753 (9th Cir. 2002) (citing *Lewis v. Casey,* 518 U.S. 343, 356 (1996)).  The Court therefore concludes that this case is not an appropriate one for equitable tolling.  Reconsideration is denied because Petitioner has not demonstrated that the Court was misled by a palpable defect.  Local Rule 7.1(g)(3) (E.D. Mich. Dec. 1, 2005).

## EXTENSION OF TIME TO APPEAL

Petitioner seeks an extension of time to appeal the Court's dispositive opinion and judgment if the Court declines to grant reconsideration.  Petitioner had thirty days from the date of the Court's judgment (October 30, 2008) to file an appeal.  Fed. R. App. P. 4(a)(1)(A).  A district court, however, may extend the time for filing a notice of appeal if a party so moves no more than thirty days after the time prescribed by Rule 4(a) expires and if the party shows excusable neglect or good cause.  Fed. R. App. P. 4(a)(5)(A).

Petitioner signed and dated his pending motion on December 26, 2008, which was less than thirty days after the appeal period expired.[1]  Therefore, he must show "excusable neglect or good cause" in order for the Court to grant an extension of time.  "[T]he excusable neglect standard has consistently been held to be 'strict,' and can be met only in extraordinary cases." *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir. 1989).  Whether neglect was "excusable" depends on

---

[1] The Court deems the motion filed on the date that Petitioner signed it and presumably delivered it to prison authorities for forwarding to the court clerk.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

> all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (footnote omitted). Although *pro se* litigants are held to less stringent standards than attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972),

> the lenient treatment generally accorded to pro se litigants has limits. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant. *Id.*

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Petitioner appears to be acting in good faith, and his delay in filing the pending motion was not long. Nevertheless, no extraordinary circumstance prevented Petitioner from filing a timely appeal. He could have filed a simple notice of appeal, as the notice requires no brief or argument. The Court therefore concludes that Petitioner has not shown "excusable neglect" in failing to file a timely appeal. Thus, the Court declines to grant Petitioner's request for an extension of time to file an appeal. Petitioner's Motion for Reconsideration or for Extension of Time to Appeal is **DENIED**.

**SO ORDERED.**

_____

        <u>s/Stephen J. Murphy, III</u>
        STEPHEN J. MURPHY, III
        United States District Judge

Dated:  July 13, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2009, by electronic and/or ordinary mail.

        <u>s/Alissa Greer</u>
        Case Manager